UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| KENNETH MCKOY, | Civil Action No. 7: 17-82-KKC |
| Petitioner, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| GREGORY KIZZIAH, Warden, | |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Kenneth McKoy has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). McKoy's petition will be denied for the reasons set forth below.

In March 2007, McKoy pled guilty to one count of distributing 100 or more grams of heroin in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, "[t]he parties agree[d] that Kenneth McKoy is a career offender pursuant to Section 4Bl.l(a) of the Sentencing Guidelines ..." based upon two 2004 convictions in Pennsylvania for possession with intent to deliver a controlled substance in violation of 35 Pa. Stat. § 780-113(a)(30). In addition, McKoy waived his right to file a direct appeal, and further expressly "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, *and the right to file any other collateral proceeding attacking his conviction or sentence*." (emphasis added). In August 2007, the trial court sentenced McKoy to 188 months imprisonment, the very bottom of the advisory guidelines range.

On direct appeal, the Third Circuit affirmed McKoy's conviction and sentence in a summary order. McKoy then sought relief by way of motion filed pursuant to 28 U.S.C. §

1

2255, again challenging his designation as a career offender. In a thorough opinion, the trial court noted that both the factual basis for McKoy's designation as a career offender and the collateral attack waiver contained in his plea agreement were discussed extensively during the change of plea hearing and subsequently at the sentencing hearing. The trial court noted that McKoy's § 2255 motion was untimely, barred by the waiver provision in his plea agreement, and substantively without merit. *United States v. McKoy*, No. 06-332 (W.D. Pa. 2006).

In his § 2241 petition in this Court, McKoy repeatedly invokes the Supreme Court's decisions in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), as well as the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016) to again assert that his sentence was improperly enhanced. [R. 1]

McKoy's petition must be denied for several reasons. First, as noted above, in his plea agreement McKoy expressly and unequivocally waived his right "to file any other collateral proceeding attacking his conviction or sentence." McKoy therefore may not challenge his conviction or sentence in this proceeding because the waiver provision in his plea agreement applies to collateral attacks asserted under § 2241. *Muse v. Daniels*, 815 F. 3d 265, 266 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack'

2

comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.").

McKoy is therefore barred from challenging his conviction or sentence in this proceeding, and his petition must be dismissed. *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001). See also *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011).

McKoy might be able to challenge the legality of his conviction or sentence in a § 2255 motion, but cannot do so in a § 2241 petition. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). Having failed to obtain relief from his conviction and sentence under § 2255, a prisoner may not simply invoke § 2241 as an additional or alternative remedy to the one provided by § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The savings clause found in 28 U.S.C. § 2255(e) carves out an exception to this general rule, which does not apply here. Here, McKoy does not challenge his conviction, but his sentence. The narrow range of claims cognizable in a § 2241 proceeding does not include sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to the general rule that 28 U.S.C. § 2255, not § 2241, must be used to challenge a conviction or sentence. Under *Hill*, a challenge to a sentence is permissible in a § 2241 petition only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a

successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

McKoy's claim fails to satisfy at least the first and third requirements. McKoy was sentenced in August 2007, nearly three years after *Booker* was decided, under an advisory guidelines regime. And the Supreme Court in *Mathis* merely reiterated what it had held long ago: that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has joined other circuits in expressly so holding. *In re: Conzelmann*, 872 F. 3d 375, 376-77 (6th Cir. 2017). See also *King v. Terris*, No. 2: 17-CV-10611, 2017 WL 3263446, at *2-4 (E.D. Mich. July 31, 2017). Therefore McKoy's *Mathis* claim is not cognizable in a § 2241 petition, and his petition must be denied.

McKoy's claims under *Johnson* and *Welch* fare no better. In *Johnson*, the Supreme Court concluded that the residual clause found in 18 U.S.C. § 924(e)(2)(B) was void for vagueness. That subsection provided a catch-all definition for various kinds of prior

4

offenses which could be used to enhance a sentence as an "armed career criminal" for one convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). But McKoy was not convicted under § 922(g) nor was his sentence enhanced pursuant to § 924(e)(1). Therefore *Johnson* does not apply to him. Even if it did, *Welch* held that *Johnson* announced a new rule of constitutional law, and hence is retroactively applicable to cases on collateral review. Precisely for that reason, inmates wishing to invoke *Johnson* as grounds to challenge their federal sentence could and must have done so by requesting and obtaining permission to file a second or successive motion under § 2255. See § 2255(h)(2); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because McKoy and other prisoners could have asserted claims based upon *Johnson* under § 2255, that remedy was plainly not structurally "inadequate and ineffective" to test the legality of their detention, and resort to § 2241 is impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 2017 WL 2352000, at *2-3 (11th Cir. May 31, 2017).

Nor is *Hinkle* relevant. That case was decided by the Fifth Circuit, not the Supreme Court, and hence cannot form the basis for relief under § 2241. In addition, pivotal to the decision in that case was the fact that the Texas drug trafficking statute criminalized not just the manufacture, sale, or distribution of drugs, but also a mere offer to sell them. *Hinkle*, 832 F.3d at 572-73. The provision under which McKoy was convicted, 35 Pa. Stat. § 780-113(a)(30), contains no such language, criminalizing only "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance ... or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." This language closely tracks the definition of a "controlled substance offense" under § 4B1.2(b) as one that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance..." Accordingly the Third Circuit has held, both before and after

5

*Mathis* was decided, that a violation of 35 Pa. Stat. § 780-113(a)(30) qualifies as a valid predicate offense under the functionally-identical armed career criminal provision found in 18 U.S.C. § 924(e). *United States v. Abbott*, 748 F.3d 154, 158-160 (3d Cir. 2014); *United States v. Henderson*, 841 F. 3d 623, 626-32 (3d Cir. 2016).

For each of these reasons, McKoy's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Petitioner McCoy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated November 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY